NO. 07-06-0331-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 16, 2007
_____

TIM WOOD, APPELLANT

V.

LONE STAR DIRT & PAVING, LTD., APPELLEE
_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-528,302; HONORABLE RUBEN REYES, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Tim Wood, appeals a judgment entered against him which awarded appellee, Lone Star Dirt & Paving, Ltd., $4,700 in damages, $752 in prejudgment interest, $5,150 in attorney's fees, and post-judgment interest at the rate of 8 percent. We affirm.

Wood and Lone Star entered into an oral contract under which Lone Star was to pour two concrete slab foundations on Wood's property. Lone Star agreed to provide two shop floor finish quality slabs for $5,300. Wood accepted this offer and prepared the property for Lone Star to pour the slabs.

After the slabs were poured, Wood contacted Lone Star indicating that the slabs did not conform to the shop floor finish quality that the parties had agreed upon. Lone Star inspected the slabs and offered to repair portions of the slabs that failed to conform to the agreed upon standard. Wood offered to accept the slabs if Lone Star would agree not to bill him. Lone Star did not agree to this proposal and Wood ordered Lone Star to leave his property. Lone Star billed Wood in accordance with the terms of the agreement. After Wood failed to pay the invoice, Lone Star filed a mechanic's and materialman's lien against Wood's property. In response, Wood filed the instant suit against Lone Star. Lone Star filed an answer and a counterclaim.

After the presentation of evidence, the case was submitted to the jury. The jury returned a verdict finding, *inter alia*, that there was an oral agreement between the parties, both Wood and Lone Star failed to comply with this agreement, Lone Star's failure to comply was excused, but Wood's was not. The jury further found that Lone Star's damages caused by Wood's failure to comply with the agreement was $4,700. After the verdict was read, neither party voiced any objection and the trial court accepted the verdict of the jury. Wood filed a Motion for New Trial contending that the jury's response to question two, Lone Star's failure to comply with the agreement, was in fatal conflict with its response to question nine, Lone Star's damages caused by Wood's failure to comply with the agreement; the jury's response to question seven, Wood's failure to comply with the agreement, was supported by no evidence or insufficient evidence; and there was no evidence or insufficient evidence to support the jury's response to question nine, Lone Star's damages. Wood's new trial motion was overruled by operation of law.

By three issues, Wood appeals. By his first two issues, Wood challenges the legal and factual sufficiency of the evidence to support the jury's finding that Wood failed to comply with the agreement. By his third issue, Wood contends that the jury's findings that Lone Star failed to comply with the agreement and the damages suffered by Lone Star as a result of Wood's failure to comply with the agreement are in fatal conflict. Addressing the theory upon which Wood premises each of his issues, we affirm.

All of Wood's appellate contentions are premised on the theory that Lone Star was not entitled to recover damages after it failed to comply with the agreement of the parties. According to Wood, once Lone Star failed to comply with the agreement by providing slabs that did not meet the quality specified in the agreement, any subsequent failure to comply with the agreement by Wood was excused. Wood's first two issues contend that any evidence submitted regarding his failure to pay Lone Star should not have been considered by the trial court because such failure was excused by Lone Star's failure to comply with the agreement. Wood's third issue contends that jury findings on questions two and nine were in fatal conflict because the jury found that Lone Star failed to comply with the agreement, yet still found that Lone Star was damaged by Wood's failure to comply with the agreement. However, Wood never challenged, at trial or on appeal, the jury's responses to question three, in which the jury found that Lone Star's failure to comply with the agreement was excused, or question eight, in which the jury found that Wood's failure to comply was not excused.

Unchallenged jury findings are binding on an appellate court. See Morrell v. Finke, 184 S.W.3d 257, 285 n.29 (Tex.App.–Fort Worth 2005, pet. abated); Bedford v. Moore,

3

166 S.W.3d 454, 466 (Tex.App.–Fort Worth 2005, no pet.) (Cayce, C.J., concurring). Wood's failure to challenge the jury's findings that Lone Star's breach of the agreement was excused while Wood's was not undermines his appellate theory because Lone Star's <u>excused</u> breach of the agreement did not excuse Wood's breach of the agreement. Because Wood's appellate issues are all predicated on the theory that his failure to comply with the agreement was excused by Lone Star's failure to comply with the agreement and because this theory is refuted by unchallenged jury findings to the contrary, we overrule Wood's issues.

We affirm the judgment of the trial court.


Mackey K. Hancock
Justice